Slip Op. 07-121

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| THAT'S MY BOAT, INC., | : |
| | : |
| Plaintiff, | : |
| | : Before: Richard K. Eaton, Judge |
| v. | : |
| | : Court No. 05-00464 |
| UNITED STATES SECRETARY OF AGRICULTURE, | : |
| | : |
| | : |
| Defendant. | : |
| | : |

<u>MEMORANDUM OPINION</u>

[Defendant's motion to dismiss for failure to prosecute pursuant to USCIT Rule 41(b)(3) granted.  Case dismissed, without prejudice.]

Dated: August 8, 2007

*That's My Boat, Inc.*, plaintiff.

*Peter D. Keisler*, Assistant Attorney General; *David M. Cohen*, Director, Commercial Litigation Branch, United States Department of Justice; *Patricia M. McCarthy*, Assistant Director, Commercial Litigation Branch, United States Department of Justice (*Michael J. Dierberg*); Office of the General Counsel, United States Department of Agriculture (*Jeffrey Kahn*), of counsel, for defendant.

Eaton, Judge: This matter is before the court on the United States' motion on behalf of defendant the United States Secretary of Agriculture ("defendant" or the "Department") to dismiss for failure to prosecute under USCIT Rule 41(b)(3) plaintiff That's My Boat, Inc.'s challenge to the Department's denial of its application for trade adjustment assistance ("TAA") benefits pursuant to 19 U.S.C. § 2104e (2002).  *See* Def.'s Mot. Dismiss 3;

*see also* Letter from Ronald Lord, Deputy Dir., Imp. Policies &
Program Div., to That's My Boat, Inc. (June 22, 2005); Letter
from Bob Massey to United States Court of International Trade
(Aug. 3, 2005) ("Massey Letter").  Jurisdiction lies pursuant to
19 U.S.C. § 2395(c) (2002).  For the following reasons,
defendant's motion to dismiss for failure to prosecute is granted
and the case is dismissed, without prejudice.


                          BACKGROUND

     Bob Massey is a shrimp fisherman in the state of Georgia.
He owns a corporation named "That's My Boat, Inc.," which has as
an asset a shrimp fishing boat.  This action was commenced on
August 3, 2005, with Bob Massey named as plaintiff, to contest
the denial by the Department of his individual application for
TAA benefits.  *See* Massey Letter; *see also* Letter from Office of
the Clerk, Donald C. Kaliebe, Case Management Supervisor, to Mr.
Bob Massey (Aug. 15, 2005) ("Letter I") at 1 ("The Office of the
Clerk has reviewed your correspondence, and has accepted it as
fulfilling in principle the requirements of the summons and
complaint for the commencement of a civil action . . . .").
Within two weeks after receiving plaintiff's summons and
complaint, the Office of the Clerk sent a letter to Mr. Massey,
which reminded him, in the event that he had not yet done so, to
pay the $25.00 filing fee and further explained the procedural

Court No. 05-00464                                        Page  3

rules to follow when filing documents with the Court.  *See* Letter

I at 1-2.  In addition, Letter I "strongly suggested that [Mr.

Massey] try to obtain legal counsel as soon as possible" and

informed Mr. Massey that if unable to obtain counsel, he should

contact the Office of the Clerk and request the forms necessary

to apply for a court- appointed attorney.  *Id.* at 2.  This was

the first of two such letters mailed to plaintiff.  Since his

letter of August 3, 2005, plaintiff has taken no action to pursue

the case.

     In response to plaintiff's complaint, defendant, believing

that the proper plaintiff in this case is That's My Boat, Inc.,

filed two separate motions for extensions of time to file its

answer.[1]  According to defendant, it filed the motions to provide

That's My Boat, Inc. with enough time to find legal

representation.  *See* Def.'s Mot. Dismiss at 4 ("[W]e sought and

received . . . two extensions of time . . . in order to provide

sufficient opportunity for That's My Boat to obtain counsel.").

The Court granted both motions, the first on October 18, 2005,

and the second on January 10, 2006.  *See* Order of 10/18/05

(Tsoucalas, J.); Order of 1/10/06 (Wallach, J.).[2]  Defendant's

---

     [1]     Defendant maintained this position because That's My
Boat, Inc., not Bob Massey, was the actual applicant for TAA
benefits.

     [2]     This case was assigned to the court on March 7, 2006.
*See* Order of 3/7/06.

purpose was defeated, however, when on October 18, 2005, the

Court denied, without opinion, defendant's motion to recaption

the case.  *See* Order of 10/18/05 (Tsoucalas, J.).  On January 18,

2006, defendant filed a motion seeking reconsideration of this

Court's prior order denying the motion to recaption the case,

dismissal of the action for failure to prosecute or, in the

alternative, dismissal of the action for lack of subject matter

jurisdiction.

      Having received no communication from plaintiff as of

February 2006, the Office of the Clerk telephoned Mr. Massey at

the number he provided.  Because plaintiff did not answer, a

message was left on his answering machine recommending that he

respond to defendant's motion.  Plaintiff did not return the

phone call.  *See* E-mail from Donald C. Kaliebe, Office of the

Clerk, Case Management Supervisor, to Chambers of Richard K.

Eaton, Judge (Sept. 22, 2006, 06:17:00 EST).  On March 6, 2006,

the Office of the Clerk sent another letter to Mr. Massey.  *See*

Letter from Office of the Clerk, Donald C. Kaliebe, Case

Management Supervisor, to Mr. Bob Massey (Mar. 6, 2006) ("Letter

II").  This letter stated in the opening paragraph:

> It is strongly suggested that you try to
> obtain legal counsel as soon as possible.  If
> you are unable to afford counsel and wish the
> Court to assist you in this, please refer to
> the enclosed forms, which need to be
> completed in order to make a Motion for Court
> Appointed Counsel.

*Id.*  As with Letter I, Letter II failed to induce plaintiff to
act on the case.

On January 19, 2007, this Court granted defendant's motion
to reconsider and recaption this case with "That's My Boat, Inc."
as the plaintiff.  *See That's My Boat, Inc. v. U.S. Sec'y of
Agric.*, No. 05-00464 (CIT Jan. 19, 2007) (order granting
defendant's motion to reconsider and recaption).  On that same
date, this Court issued an order directing plaintiff "to show
cause as to why this case should not be dismissed pursuant to
USCIT Rule 41(b)(3) by February 21, 2007."  *That's My Boat, Inc.
v. U.S. Sec'y of Agric.*, No. 05-00464 (CIT Jan. 19, 2007) (order
to show cause).  In the nearly six months that have passed since
the issuance of the order to show cause, the court has received
no communication from either That's My Boat, Inc. or Mr. Massey.

For the following reasons, the court dismisses this action
pursuant to USCIT Rule 41(b)(3) for failure to prosecute, without
prejudice.


STANDARD OF REVIEW

"It is well settled that dismissal for failure to prosecute
is discretionary."  *United States v. Rubinstein*, 23 CIT 534, 537,
62 F. Supp. 2d 1139, 1142 (1999); *see also ILWU Local 142 v.
Donovan*, 15 CIT 584, 585 (1991) (not reported in the Federal
Supplement) ("'Every court has the inherent power, in the

exercise of a sound judicial discretion, to dismiss a cause for
want of prosecution.  The duty rests upon the plaintiff to use
diligence and to expedite his case to a final determination.'")
(alteration omitted) (quoting *United States v. Chas. Kurz Co.*, 55
C.C.P.A. 107, 110, 396 F.2d 1013, 1016 (1968)).  "The primary
rationale underlying such a dismissal is the failure of a
plaintiff to live up to its duty to pursue its case diligently."
*A. Hirsh, Inc. v. United States*, 12 CIT 721, 723 (1988) (not
reported in the Federal Supplement).

    The Court generally refrains from taking such action unless
there is evidence of "a clear pattern of delay, contumacious
conduct, or failure to comply with orders of the Court."  *Id.*
(internal quotation marks and citation omitted).  Nonetheless,
absent justifiable circumstances, the Court may exercise its
discretion to dismiss when faced with a plaintiff's substantial
delay in prosecuting its case.  *See ILWU Local 142*, 15 CIT at 586
(dismissing plaintiff's action, in part, because plaintiff failed
to cite an acceptable reason for its delay and further stating
that "[u]nder circumstances in which three years have elapsed,
the court finds plaintiff consciously decided not to diligently
proceed."); *see also Harrelson v. United States*, 613 F.2d 114,
116 (5th Cir. 1980) ("In this case the last pleading . . . was
filed . . . 22 months before the dismissal. . . .  In light of
the significant inactivity of the plaintiff, we cannot say the

district court abused its discretion in dismissing the
complaint.") (emphasis omitted).


                              DISCUSSION

        Defendant seeks the dismissal of this action because of
plaintiff's failure to prosecute.  According to defendant, That's
My Boat, Inc. has been fully aware of the pendency of this
action, yet no action has been taken indicating that plaintiff
maintains an interest in continuing to litigate this case.

        The court finds it appropriate to dismiss plaintiff's action
pursuant to USCIT Rule 41(b)(3) for failure to prosecute because
plaintiff has failed to prosecute its case diligently.  *See* USCIT
Rule 41(b)(3) ("Whenever it appears that there is a failure of
the plaintiff to prosecute, the court may upon its own initiative
after notice, or upon motion of a defendant, order the action or
any claim dismissed for lack of prosecution.").  The timeline of
events in this case makes clear that plaintiff has made no effort
to pursue its action.  Mr. Massey's letter was received on August
3, 2005.  On August 15, 2005, the Office of the Clerk sent Mr.
Massey a letter advising him of the Court's filing procedures and
suggesting that he obtain counsel.  *See* Letter I.  Defendant, on
September 19, 2005, filed its first motion for an extension of
time to answer plaintiff's complaint.  Defendant's second motion
to extend its answer time was filed on December 19, 2005.  This

Court granted these motions, which defendant contends were meant
to provide plaintiff with additional time to seek legal
representation.

Defendant filed its motion to dismiss for failure to
prosecute on January 18, 2006.  The motion was served on
plaintiff by First-Class Mail.  *See* Certificate of Service of
David S. Silverbrand (Jan. 18, 2006).  The Office of the Clerk
tried to contact Mr. Massey by telephone in February 2006, but to
no avail.  On March 6, 2006, as the response deadline to
defendant's motion to dismiss came and went, the Office of the
Clerk made one final attempt to urge Mr. Massey to take action by
mailing Letter II.  No response was received.  The court then
took the additional step on January 19, 2007, of providing
plaintiff with thirty days to show cause as to why its action
should not be dismissed, but to date has received no response.
Thus, other than the letter serving to commence the action, Mr.
Massey, either individually or as president of That's My Boat,
Inc., has done nothing further to prosecute this case.

When faced with similar facts, this Court found:

> Since the outset, the plaintiff might have availed
> herself of the proffered assistance of the clerk's
> office to obtain legal representation *in forma
> pauperis* (concerning which, it should be noted,
> the clerk's office expended considerable time and
> effort for her benefit since receipt of her
> [summons and complaint] letter), however she has
> failed, to date, to respond properly.  The Court
> therefore considers it appropriate to dismiss her
> case, but without prejudice, for failure to

Court No. 05-00464                                    Page  9

        prosecute pursuant to USCIT R. 41(b)(3).

*See Burton v. U.S. Sec'y of Agric.*, 29 CIT __, __, Slip Op. 05-

125 at 3 (Sept. 14, 2005) (not reported in the Federal

Supplement); *see also Luu v. U.S. Sec'y of Agric.*, 30 CIT __, __,

427 F. Supp. 2d 1362, 1365 (2006); *Ebert v. U.S. Sec'y of Agric.*,

30 CIT __, __, 425 F. Supp. 2d 1320 (2006); *Grunert v. U.S. Sec'y*

*of Agric.*, 30 CIT __, __, Slip Op. 06-37 (Mar. 13, 2006) (not

reported in the Federal Supplement); *M/V Cheri H. Inc. v. U.S.*

*Sec'y of Agric.*, 29 CIT __, __, 400 F. Supp. 2d 1382 (2005).

Likewise, the court here finds that Mr. Massey's failure to take

any action with respect to the case despite the several efforts

undertaken by the Office of the Clerk warrants the dismissal of

the action, but without prejudice.


                              CONCLUSION

     Based on the foregoing, the court grants defendant's motion

to dismiss for failure to prosecute and dismisses this case,

without prejudice.   Judgment shall be entered accordingly.


                                    /s/ Richard K. Eaton
                                   Richard K. Eaton

Dated:    August 8, 2007
          New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE

```
                                    :
THAT'S MY BOAT, INC.,               :
                                    :
          Plaintiff,                :
                                    : Before: Richard K. Eaton, Judge
     v.                             :
                                    : Court No. 05-00464
UNITED STATES SECRETARY OF          :
AGRICULTURE,                        :
                                    :
          Defendant.                :
                                    :
```

<u>JUDGMENT</u>

Upon consideration of the papers and proceedings had herein, and in conformity with the court's decision in this matter, it is hereby

ORDERED that defendant's motion to dismiss this action pursuant to USCIT Rule 41(b)(3) is granted; and it is further

ORDERED that this case is dismissed, without prejudice.


                                   /s/Richard K. Eaton
                                   Richard K. Eaton

Dated:    August 8, 2007
          New York, New York

# NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.


Tina Potuto Kimble
Clerk of the Court


Date: _____     By: _____

Deputy Clerk